**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

VINCENT MCGRAW                                                                          PLAINTIFF

V.                                      NO: 5:14CV00332 DPM/PSH

GREG BOLIN *et al*                                                                  DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D.P.

Marshall Jr.  Any party may serve and file written objections to this recommendation.  Objections

should be specific and should include the factual or legal basis for the objection.  Your objections

must be received in the office of the United States District Court Clerk no later than fourteen (14)

days from the date of the findings and recommendations.

Mail your objections to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

### DISPOSITION

Plaintiff Vincent McGraw, a former inmate at the Dub Brassell Detention Center, filed a *pro*

*se* complaint (docket entry 2), pursuant to 42 U.S.C. § 1983, on September 5, 2014.  On July 15,

2015, defendants Ed Adams, Greg Bolin, Michelle McCarter, and Roger Williams, filed a motion

for summary judgment, a brief in support, and statement of facts (docket entries 48-50).  Although

plaintiff has been granted additional time to respond (docket entry 51), he has not done so.

1

## I.  Standard of review

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II.  Analysis

According to plaintiff's complaint, he was assaulted by a number of other inmates at the Dub Brassell Detention Center on June 16, 2014.  Plaintiff contends he was denied adequate medical care for injuries he sustained in the assault.

To the extent plaintiff is attempting to advance a claim that defendants failed to protect him from the assault, such a claim should be dismissed.  Although there is no dispute plaintiff was assaulted, he reported in a statement after the incident that he did not know any of the inmates, and could not think of any reason they would want to assault him (docket entry 49-4).  In *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), the Court held that, in order for a prisoner to recover against

prison officials for failing to protect him, he must prove that: (1) "he [was] incarcerated under conditions posing a substantial risk of serious harm"; and (2) the prison official was deliberately indifferent to that substantial risk of serious harm. In defining deliberate indifference, the Court, in *Farmer,* explained:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; *the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.*

*Id.* at 837 (emphasis added). Additionally, the Eighth Circuit has explained that this rigorous standard of proof is appropriate because "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." *Jensen v. Clarke*, 73 F.3d 808, 810 (8th Cir. 1996) (*citing Wilson v. Seiter,* 501 U.S. 294, 297 (1991)).

Based on plaintiff's statement, it is clear he himself was unaware of any threat to his safety. There is no evidence any defendant was aware of and disregarded a threat to plaintiff, and defendants are therefore entitled to summary judgment as to any failure to protect claim plaintiff is attempting to raise.

Defendants are also entitled to summary judgment as to plaintiff's inadequate medical care claim. A medical report after the incident indicates plaintiff had pain, bruising, and a loose tooth. A nurse provided pain medication, and plaintiff was added to the dental list (docket entry 49-5). More pain medication was provided on July 8, 2014 (docket entry #49-6), and, when plaintiff continued to have dental problems, on July 27, 2014, he was moved ahead of other detainees on the dental list (docket entry 49-7). However, two days later, plaintiff was transferred to the Arkansas Department of Correction, before he could be seen by a dentist (docket entry #49-3).

3

The Eighth Amendment's proscription of cruel and unusual punishment obligates prison officials to provide adequate medical care to inmates in their custody. *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976). To succeed with an inadequate medical care claim, a plaintiff must allege and prove that: (1) he had objectively serious medical needs; and (2) prison officials subjectively knew of, but deliberately disregarded, those serious medical needs. *Dulany v. Carnahan*, 132 F.3d at 1239. Additionally, the Eighth Circuit has held that a "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). However, "'[g]rossly incompetent or inadequate medical care can constitute deliberate indifference, as can a doctor's decision to take an easier and less efficacious course of treatment.'" *Warren v. Fanning*, 950 F.2d 1370, 1373 (8th Cir. 1991) (quoting *Smith v. Jenkins*, 919 F.2d 90, 93 (8th Cir. 1990)).

Based on the medical records defendants have produced, it is clear that defendants were not deliberately indifferent to plaintiff's medical needs. Plaintiff was provided pain medication and placed on the dental list after the incident, and, when he continued to have problems, was moved ahead of other detainees on the dental schedule. There is no evidence that any defendant delayed plaintiff's access to medical care, or was even involved in plaintiff's care in any way. Therefore, defendants' motion should be granted.

<u>Defendant Kim Mays</u>

Defendant Kim Mays is not a party to the motion and remains unserved. Service for Mays has been unsuccessful at the detention center (docket entry 12), and at her last known address (docket entry 19). Although plaintiff has been directed to provide an address at which service for Mays may

be attempted (docket entry 20), he has not done so.  Plaintiff's claims against Mays should therefore be dismissed as well.  *See Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993) (per curiam) (plaintiffs proceeding *in forma pauperis* are responsible for providing defendants' addresses), *cert. denied*, 510 U.S. 875 (1993); FED.R.CIV.P. 4(m) (providing for the without prejudice dismissal of action as to individual Defendant if service not made within 120 days of filing of complaint).

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      Defendants' motion for summary judgment (docket entry 48) be GRANTED, and plaintiff's complaint be DISMISSED.

2.      Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE with respect to his claims against defendant Kim Mays, and DISMISSED WITH PREJUDICE in all other respects.

3.      The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this 25th day of August, 2015.

_____
UNITED STATES MAGISTRATE JUDGE